UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CITY OF IMPERIAL,<br><br>                               Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE NAVY,<br><br>                               Defendant. | Case No.: 3:15-cv-02140-L-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE [Doc. 3]** |
|---|---|

Pending before the Court is Defendant Department of the Navy's Motion to Dismiss Plaintiff City of Imperial's Complaint [Doc. 1] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS WITH PREJUDICE** Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

//
//
//
//
//
//

## I. BACKGROUND

On June 4, 2014, a Marine Corps AV-8B Harrier jet crashed in the City of Imperial, California. (See Compl. ¶ 6.) The City of Imperial ("Plaintiff") responded to the crash scene by utilizing its Fire and Police emergency personnel, Public Services staff, Building & Planning staff, and the City Manager's Office to provide emergency relief services. (Admin. Claim [Doc. 7-3] ¶ 1.) On August 15, 2014, pursuant to 28 U.S.C. § 2675, Plaintiff submitted an Administrative Claim to the Department of the Navy ("Defendant"), requesting payment of $85,079.68 for incident response costs associated with the crash. (See Admin. Claim.)

Plaintiff's Administrative Claim included three requests. First, Plaintiff requested payment for emergency response costs, totaling $28,223.84. (Admin. Claim ¶ 2.) These costs were accounted for in the supporting salary expense sheet, identifying four categories of costs: (1) staff hours, (2) supplies, (3) fire services, and (4) dispatcher services. (See Serv. Invoice [Doc. 7-4] p. 2.)

Second, Plaintiff requested payment for site security services, totaling $56,855.84. (Admin. Claim ¶ 3.) The claim for site security services was provided in accordance with an Intergovernmental Support Agreement (ISA) between the Marine Corps and the City of Imperial. (See ISA [Doc 3-3 Ex. B].) On August 22, 2014, the Government satisfied this request by paying it in full. (See Payment Voucher [Doc. 3-3 Ex. D].) The request for site security services is therefore not in dispute.

Third, Plaintiff indicated property damage to public streets. (Admin. Claim ¶ 5.) Specifically, the final paragraph of Plaintiff's Administrative Claim states "final improvements are now being made to the public street damaged in the crash and the property owners are in the process of repairs. We look forward to this final resolution of the City's costs for this incident." (Id.)

On March 24, 2015, Defendant denied Plaintiff's Administrative Claim as to the emergency response costs of $28,223.84. (See Denial Letter [Doc. 3-3 Ex. E].) On September 24, 2015, Plaintiff filed a Complaint against Defendant seeking recovery of

these costs under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, et seq. and 1346(b)(1). Defendant now moves to dismiss Plaintiff's FTCA claim. (See MTD [Doc. 3].) Plaintiff opposes. (See Opp'n [Doc. 7].)

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They presumptively lack jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* A motion to dismiss for lack of subject matter jurisdiction may be brought by a defendant pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Such a motion may be "facial" or "factual.*" See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In such cases, the court may consider evidence extrinsic to the complaint and "need not presume the truthfulness of the plaintiff's allegations." *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2. (9th Cir. 2003)).

## III.  DISCUSSION

Defendant argues Plaintiff's FTCA claim must be dismissed because (1) emergency response costs are not cognizable under the FTCA; (2) the "free public services doctrine" bars Plaintiff's claim; and (3) Plaintiff failed to exhaust its administrative remedies prior to filing suit. (See MTD.) The Court need only reach the first and third arguments to decide this Motion.

A. **Emergency Services Costs Under the FTCA**

"Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal quotations omitted). In enacting the Federal Tort Claims Act, Congress partially waived sovereign immunity by consenting to be sued for some tort claims. Thus, under the FTCA, a court has jurisdiction to hear a claim provided that claim is

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (citing 28 U.S.C. § 1346(b)). All six elements must exist for a court to have jurisdiction. *Id.* Thus, the FTCA does not confer jurisdiction over claims unless they allege property damage, personal injury, or death. *See Oregon v. United States*, 308 F.2d 568, 569 (9th Cir. 1962). Here, it is undisputed that the complaint does not allege personal injury or death. Rather, the complaint seeks recovery only for loss of property and for expenses incurred in the process of providing emergency response services. Defendant argues that the latter category of expenses are not cognizable under the FTCA because they do not constitute a loss of property. (See MTD.)

*California v. United States*, 307 F.2d 941 (9th Cir. 1962), is instructive on this issue. In *California*, a fire originated on federal land and spread to State owned land as a result of U.S. Forest Service employees' allegedly negligent performance in combatting it. *Id.* at 942. As a result, the State incurred emergency response expenses in responding to the fire. *Id.* The State then filed a claim under the FTCA seeking to recover these expenses. The district court dismissed the claim for lack of subject matter jurisdiction. The Ninth Circuit affirmed, reasoning that firefighting expenses do not constitute

4

3:15-cv-02140-L-KSC

damages for "injury or loss of property" under the FTCA. *Id.* at 943-44; *see also Oregon*, 308 F.2d at 569 (same); *Idaho ex rel. Trombley v. U.S. Dep't of Army, Corps of Eng'rs*, 666 F.2d 444, 446 (9th Cir. 1982) (same).

Here, Plaintiff's Administrative Claim requests reimbursement for emergency response costs resulting from dispatch services, staff expenses, supplies and equipment, communications and planning meetings, and time spent with residents and media. (Admin. Claim ¶ 2.) The Court finds that these are not cognizable as loss of property damages under the FTCA because, like the firefighting costs at issue in *California*, *Oregon*, and *Idaho*, they are expenses resulting from the provision of emergency services rather than the repair or replacement of tangible facilities. Accordingly, this Court lacks jurisdiction to consider them.

### B.  **FTCA Administrative Exhaustion**

Because the Court has found Plaintiff's emergency response costs are not cognizable under the FTCA, the following inquiry is restricted to whether the alleged property damage to public streets mentioned in the final paragraph of the Administrative Claim was properly exhausted. (See Admin. Claim ¶ 5.) Defendant argues Plaintiff failed to exhaust administrative remedies for any property damage claim. (Reply 5:5–10:5.) Under the FTCA, a district court is only vested with subject matter jurisdiction if a plaintiff has exhausted her administrative remedies. *See McNeil v. United States*, 508 U.S. 106 (1993). Accordingly, filing an administrative claim as required by 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to suing the federal government in tort. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). An administrative claim must provide: "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Blair v. I.R.S.*, 304 F.3d 861, 863-64 (9th Cir. 2002) (internal citations and quotation marks omitted).

Defendant argues Plaintiff's Administrative Claim did not include a sum certain for any property damage. (MTD 9:17–14:2.) In support of its argument, Defendant cites

to *Blair*. In *Blair*, the plaintiff's administrative claim included a request for medical expenses that were "still being incurred." *Blair,* 304 F.3d at 868–9. The Ninth Circuit held the district court lacked jurisdiction under the FTCA to adjudicate the medical expenses claim, reasoning that a sum is indeterminate, and thus not certain, when the component costs of the sum are still being incurred. *Id.*; *see also Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974) (holding action subject to dismissal for lack of jurisdiction because the administrative claim for personal injury "unknown at this time" failed to meet sum certain requirement).

Here, the only reference to property damage in the Administrative Claim states "[t]he final improvements are now being made to the public street damaged in the crash and the property owners are in the process of repairs. We look forward to this final resolution of the City's costs for this incident." (Admin. Claim ¶ 5.) This language unquestionably does not specify a sum certain amount of property damage incurred. Rather, it simply states that a public street was damaged, is now undergoing repairs, and suggests Plaintiff intended to submit a claim for the resulting damages once they were determined. However, the record before the Court indicates that Plaintiff failed to follow up and submit a sum certain request for the property damage once the value of the property damage was determined. Under *Blair*, this is fatal to their FTCA claim.

Plaintiff attempts to remedy this defect by arguing that the Administrative Claim's request for $28,223.84 for Emergency Response Costs contained a sum certain request for property damage. (Opp'n 7:2–9:12) (referencing Admin. Claim). This argument is problematic in that neither the Administrative Claim nor its supporting documents included a sum certain amount for any *property damage*. (See Admin. Claim; Admin. Claim Supporting Docs [Doc. 7-4 Ex. B].) Rather, the $28,223.84 amount was fully accounted for as emergency responses costs in the expense sheet and Plaintiff cannot simply subsume property damage into that figure now. (See Serv. Invoice.)

Accordingly, the Court finds Plaintiff failed to exhaust their administrative remedies as required by the FTCA. Because Plaintiff failed to exhaust its administrative

1   remedies prior to filing suit as required by the FTCA, this jurisdictional defect cannot be
2   remedied by amendment. Therefore, the Court rejects Plaintiff's request for leave to
3   amend as amendment would be futile. *See Oki Semiconductor Co. v. Wells Fargo Bank,*
4   *N.A.*, 298 F.3d 768, 772 (9th Cir. 2002) (stating dismissal without leave to amend is
5   appropriate only where a complaint cannot be saved by further amendment).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED WITH PREJUDICE**.

**IT IS SO ORDERED**

Dated:  June 22, 2016

_____
Hon. M. James Lorenz
United States District Judge